**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**

**Civil Action No. 05-148-HRW**

**CAROLYN SPAULDING,** **PLAINTIFF,**

**v.** **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,** **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for a disability insurance benefits on September 8, 2003, alleging disability beginning on October 1, 2000, due to history of colon cancer with residual colon and bladder problems as well as chronic back pain. This application was denied initially and on reconsideration. On March 18, 2005, an administrative hearing was conducted by Administrative Law

1

Judge James Kemper (hereinafter "ALJ"), wherein Plaintiff, accompanied by

counsel, testified.  At the hearing, Dwight McMillion, a vocational expert

(hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not
disabled.

Step 2:  If the claimant is not performing substantial gainful work, his
impairment(s) must be severe before he can be found to be disabled based
upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a
severe  impairment (or impairments) that has lasted or is expected to last for
a continuous period of at least twelve months, and his impairments (or
impairments) meets or medically equals a listed impairment contained in
Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without
further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him
from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from
performing his past relevant work, if other work exists in significant
numbers in the national economy that accommodates his residual functional
capacity and vocational factors, he is not disabled.

On April 29, 2005, the ALJ issued his decision finding that Plaintiff was not

disabled.     The Appeals Council denied Plaintiff's request for review and

2

adopted the ALJ's decision as the final decision of the Commissioner on July 21, 2005.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 8] and this matter is ripe for decision.

### III. ANALYSIS

On appeal Plaintiff argues that the ALJ erred by not giving controlling weight to the assessment of her treating physician, Dr. Don Chaffin and, further, that the ALJ erred by discrediting her subjective complaints because they are supported by Dr. Chaffin's assessment.

The assessment upon which Plaintiff relies was submitted well after the ALJ rendered his decision. Therefore the issue before this Court is whether the subject assessment warrants a remand of this matter pursuant to Sentence Six of 42 U.S.C. §405(g).

Sentence Six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

In this case, Plaintiff has failed to demonstrate "good cause" for failing to

3

obtain and submit Dr. Chaffin's assessment prior to the administrative hearing and the ALJ's decision.  In fact, her submission to the Court is silent as why she tarried.   The Court is mindful that the Sixth Circuit has taken a "harder line" with regard to the "good cause" requirement.  *See Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir. 1986).   Plaintiff must come forth with a valid reason.   In the case, she has proffered no reason at all.   Given that Plaintiff has failed to carry her burden under Sentence Six, remand would not be appropriate.

Further, having reviewed the ALJ's decision and the evidence properly of record, the Court finds the decision to be supported by substantial evidence on the record. If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

4

This June 23, 2006.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**